## *Ex-parte* CORNELIUS ARTZ and others.

A testatrix made specific bequests to certain of her children by name, and then in the residuary clause says: "The balance of my property I direct to be sold by my executor, and the money to be divided among my heirs *as above mentioned.* HELD:

That this will disposed of her whole estate, and the residuary clause confines the bequest of the residue to the persons *specifically* mentioned in the preceding part of the will.

APPEAL from the Orphans Court of Washington county.

Catharine Hammer, by her will, devised as follows:

1st. "To my two daughters, Elizabeth Smith and Susan Hammer, the sum of $375.

2nd. "The $500 due me from the executor of George Hammer, deceased, I give and bequeath to my children, Jacob Hammer, Elizabeth Smith, Susan Hammer, Sarah McCullough, Leah Kreigh, Eleanor Wise, and the heirs of my daughter, Catharine Artz, to be equally divided between them, share and share alike, all the heirs of Catharine Artz as one heir, or share with the rest.

3rd. "Also all the money coming to me from the estate of George Hammer, as executrix, for commissions allowed by

the orphans court, I give and bequeath in manner and form as the above, to be divided as in the last mentioned bequest.

4th. "I give and bequeath to my daughters, Elizabeth Smith and Susan Hammer, my large copper kettle.

5th. "The balance of my property I direct to be sold by my executor, and the money to be divided among my heirs, as above mentioned."

The parties mentioned in the second clause of this will filed a petition in the court below, claiming under the last clause of the will the whole balance in the hands of the executor after payment of debts and the specific bequests, and praying for distribution of the same, but the court refused this application, and the petitioners appealed.

The cause was argued before LE GRAND, C. J., TUCK and MASON, J.

*Wm. T. Hamilton* and *Geo. W. Smith* for the appellants.

The petitioners claim under the residuary clause of the will the entire residue of the fund in the hands of the executor. The first question in this case may be, did the testatrix die testate as to all her property? *Second,* if she died testate as to all her property, to whom by the residuary clause is the balance given? To her "*heirs*" mentioned and named in the preceding clauses of the will, or to her "*heirs*" general? The appellants claim that she died testate as to all her property, both salable and collectable, and that the words in the residuary clause, "among my heirs as above mentioned," limit the balance of her property to the heirs named in the preceding clauses of the will. 2 *Wms. on Exc'rs,* (3 *Am. Ed.,*) 928, 929, 932, 935, 951, *note (a,)* 1015, 1056, *note (u.),* 2 *Merivale,* 386, *Leake vs. Robinson.*

LE GRAND, C. J., delivered the opinion of this court.

We are of opinion that Catharine Hammer did not die intestate of any portion of her estate, but that by her will, executed in the year 1850, she disposed of the whole of it. We are also of opinion that the residuary clause of said will,

which is in these words: "The balance of my property I direct to be sold by my executor, and the money to be divided among my heirs *as above mentioned*," confines the bequest of the residue of her estate to the persons *specifically* mentioned in the preceding part of her will. We can' see no room for doubt on the subject, and therefore reverse the order of the orphans court appealed from, and direct a distribution to be made in conformity with the views herein indicated. To that end the case will be remanded.

> *Order reversed and cause remanded for further*
> *proceedings, costs to be paid out of the fund.*